**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CYNTHIA WILLIAMS,

     *Plaintiff,*

   v.

DREYFUSS MANAGEMENT,

     *Defendant.*

Civil Action No. 23-03028 (AHA)

### Memorandum Opinion

Cynthia Williams appears to sue her property manager, Dreyfuss Management, based on allegations of fraud and abuse. Because, after multiple opportunities, Williams has not provided sufficient notice of her claims against Dreyfuss Management, as Federal Rule of Civil Procedure 8 requires, the court dismisses the case.

It appears that Williams rents an apartment in a building Dreyfuss Management manages. *See* ECF No. 8 at 1. In her pleadings, Williams describes herself as a retired senior citizen who has been "abused by" Dreyfuss Management. ECF No. 12. She refers to "fraudulent contracts," including a lease she believes is "fake." *Id*. Her pleadings also allege that Dreyfuss Management's employees have beaten her, held her hostage, stalked her, broken into her apartment, and left the apartment a mess. *Id*.

Williams filed her original complaint in October 2023. After over a year without action, this court directed Williams to notify the court whether she intended to continue with the case and, because Williams is proceeding *in forma pauperis*, ordered the U.S. Marshals Service to effect

service.[1] In June 2025, Dreyfuss Management moved to dismiss or for a more definite statement. ECF No. 8. The court granted the motion for a more definite statement and allowed Williams to file an amended complaint that complies with the federal rules, directing her to resources for pro se litigants and cautioning her that failure to comply with the applicable rules may lead to dismissal of her suit. Williams responded by filing a "motion to continue," which was illegible and difficult to parse. *See* ECF No. 11. The court construed the motion as a motion for an extension of time to file an amended complaint and granted it. Williams then filed another pleading styled as a "motion to continue" that was typewritten and legible. *See* ECF No. 12. The court construes this submission as a supplemental pleading. In it, in addition to the allegations above, Williams asserts Dreyfuss Management has violated her rights under the Thirteenth and Fourteenth Amendments to the U.S. Constitution. *Id.* She claims she has suffered "emotional and physical abuse" and asks for $20 billion in damages. *See id.*

Dreyfuss Management has filed a response, arguing that the action should be dismissed for failure to file a complaint that provides sufficient notice of her claims, as required by Federal Rule of Civil Procedure 8. ECF No. 13 at 5. The court agrees.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The rule ensures that the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up) (quoting *Conley v. Gibson*, 355 U.S.

---

[1]    This case was initially assigned to the Honorable Reggie B. Walton and was reassigned to the Honorable Amir H. Ali on November 27, 2024.

41, 47 (1957)). A court may dismiss a complaint that fails to adhere to these requirements either upon a motion or on its own accord. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules.").

The court acts with extra care in reviewing a pro se complaint, construing the allegations liberally and "in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). However, pro se litigants must still comply with the applicable rules. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).

Here, Williams' pleadings, including her original complaint and subsequent submissions, do not meet Rule 8's minimal requirement to provide notice of what her claims are. After multiple opportunities, Williams has not alleged facts stating when, where and how Dreyfuss Management wronged her, let alone articulated a plausible basis for the extraordinary damages sought.

The court accordingly dismisses this action without prejudice for failure to give the notice that Rule 8 requires. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   November 4, 2025